■ In the Matter of JOHN YODICE, Respondent, v NEW YORK STATE BOARD OF LAW EXAMINERS et al., Appellants.—Order, Supreme Court, New York County, entered on July 18, 1977, unanimously affirmed, without costs and without disbursements. Respondents-appellants' time within which to serve an answer to the petition is extended until 20 days after service by petitioner-respondent upon respondents-appellants of a copy of the order of this court with notice of entry. No opinion. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.

■ FLORENTINE STEWART, Respondent, v CAREY TRANSPORTATION, INC., Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered on October 7, 1977, unanimously affirmed, without costs and without disbursements. Appeal from order of said court, entered on May 20, 1977, unanimously dismissed as academic, without costs and without disbursements. No opinion. Concur—Silverman, J. P., Evans, Fein, Lynch and Sandler, JJ.

■ BEN MILLER, INC., Respondent, v MARCUS BROTHERS TEXTILES, INC., Appellant.—Motion to vacate an order of Supreme Court, New York County, entered February 17, 1978, staying an arbitration pending an appeal to the Court of Appeals from an order of this court, which directed the arbitration to proceed forthwith, after reversing an order of the Supreme Court staying the arbitration. The stay sought to be vacated on this motion was granted pursuant to CPLR 5519 (subd [c]) which vests such power in the "court from or to which an appeal is taken or the court of original instance". When a stay is granted by the court of original instance, and an appeal is pending in a higher court, the provisions of CPLR 5519 (subd [c]) are not clear as to the procedure, if any, for correcting a stay that has been improvidently granted. It is suggested that an appeal from the order granting the stay would be the remedy (7 Weinstein-Korn-Miller, NY Civ Prac, § 5519.01). No such appeal has been taken herein, and it is doubtful whether the stay may be vacated by this court upon motion in the present state of the proceedings. Since an appeal is pending in the Court of Appeals, any motion for vacatur of the stay granted by the Supreme Court, if motion be the proper remedy, should be addressed to the Court of Appeals. The motion is therefore denied, without prejudice, if movant is so advised, to an application to the Court of Appeals. Concur—Lupiano, J. P., Birns, Evans and Lane, JJ.